UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 12-cr-30048-MGM |
| | ) | |
| LAVON PEMBERTON, | ) | |
| Defendant. | ) | |

ORDER TO DETAIN DEFENDANT FOR VIOLATIONS OF
CONDITIONS OF SUPERVISED RELEASE

The defendant, Lavon Pemberton ("Defendant") was on supervised release under conditions, including the usual condition that he not commit another local, state or federal crime. On or around May 15, 2020, the Massachusetts State Police arrested Defendant and notificied him he would be charged with distributing a Class B drug; distributing a Class D drug; carrying a loaded firearm; possession of a large capacity weapon or feeding device; possession of ammunition without a FID card; unlawful possession of a firearm (third offense); and resisting arrest.[1]  A Massachusetts State Police officer stopped Defendant on the Massachusetts turnpike on May 15, 2020 after observing him travelling at a speed estimated to be around 100 miles per hour.  When an officer searched the car, he found a Ruger SR9 loaded with a 17-round magazine containing 8 9MM hollow point bullets and 8 9MM metal jacket rounds, including one in the chamber.  The gun was located in the car in a position that put it within reach of the driver.  The officer also found $5,720 and marijuana.  After being read his Miranda rights, Defendant stated that he planned on selling the marijuana, and he identified substances packaged in small bags that were found on the ground where he exited the car as cocaine and ecstasy.  Defendant was

---

[1] The petition alleges other violations, including that Defendant was stopped in Vermont in April 2020 in the company of Aaron Smith, an individual previously convicted of a felony in this court.  Defendant did not have permission from his supervising probation officer to travel to Vermont or to associate with Mr. Smith.  The decision to detain Defendant is based principally on the circumstances of his May 15, 2020 arrest.

released on $2,000 bail and told he would have to appear in the Dudley District Court to respond to charges that would be filed arising from the arrest.

Defendant self-surrendered and appeared in this court on May 19, 2020. The court informed Defendant of the nature of the alleged violations of the conditions of his supervised release. The government moved orally for detention. After hearing from the parties, I ordered, subject to Defendant's right to a preliminary hearing, that he be detained pending a final revocation hearing because, in view of his possession of a loaded firearm in conjunction with his admitted intention to distribute a controlled substance while on supervised release, he had not shown by clear and convincing evidence that he would not pose a danger to any other person or to the community if released pending a final revocation hearing. *See* Fed. R. Crim P. 32.1(6).

**Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance.

Dated: May 20, 2020

BY THE COURT:

/s/ Katherine A. Robertson  
KATHERINE A. ROBERTSON  
UNITED STATES MAGISTRATE JUDGE